IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 27, 2022 at Knoxville

## DONTA LAMAR WEIR v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Warren County**
**No. 19-CR-2399    Larry B. Stanley, Jr., Judge**

### No. M2021-01254-CCA-R3-PC

The petitioner, Donta Lamar Weir, appeals the summary dismissal of his petition for post-conviction relief, which petition challenged his 2021 guilty-pleaded convictions of delivery of cocaine in a drug-free school zone, delivery of cocaine, and delivery of a counterfeit controlled substance. He argues that the post-conviction court erred by concluding that he failed to state a colorable claim for relief. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and CAMILLE R. MCMULLEN, JJ., joined.

Donta Lamar Weir, Only, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Nathan Nichols, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Based upon the meager record before us, we glean that on February 10, 2021, the petitioner pleaded guilty to one count of the delivery of .5 grams or more of cocaine, delivery of .5 grams or more of cocaine within 1,000 feet of a preschool, and delivery of a counterfeit controlled substance. The offense dates on the judgments reflect that the offenses occurred on March 28, April 4, and April 9, 2019, respectively, and the petitioner alleged that the offenses arose from separate controlled buys orchestrated by the Warren County Sheriff's Department. The trial court imposed a sentence of 9 years' incarceration for the conviction of delivery of .5 grams or more of cocaine and concurrent sentences of 12 years and 2 years for the remaining convictions to be served in a community corrections placement.

The petitioner did not appeal but did file a petition for post-conviction relief on September 7, 2021. In his petition, the petitioner asserted two related claims. First, he claimed that the sheriff's department violated his constitutional rights by not arresting him immediately following the first controlled buy, arguing that the "unconstitutional policy" led to the subsequent controlled buys and "caused the defendant excessive felony convictions and extensive punishment." Second, he alleged that he was deprived of the effective assistance of counsel, arguing only that his counsel performed deficiently by "not challenging the unconstitutional policy . . . of instigating crime and not enforcing the law." The post-conviction court summarily dismissed the petition on the same day it was filed, finding that the petitioner had failed to state a colorable claim for post-conviction relief.

In this appeal, the petitioner challenges the summary dismissal of his petition, reiterating his claims that "the unconstitutional policies" of the Warren County Sheriff's Department and his counsel's failure to challenge the same "changed the total outcome of my case." The State argues that summary dismissal was appropriate because the petitioner's claims, even if true, would not entitle him to post-conviction relief.

The Post-Conviction Procedure Act contemplates the summary dismissal of a post-conviction petition that fails to state a colorable claim for relief. *See* T.C.A. § 40-30-106(f) ("[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief . . . the petition shall be dismissed"); *see also* Tenn. Sup. Ct. R. 28, § 2(H) ("A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act."). A claim of ineffective assistance of counsel has historically been a colorable claim for post-conviction relief. That being said, the specific claim of ineffective assistance presented by the petitioner, that his counsel should have challenged the sheriff's department's failure to arrest him, even if true, would not have availed him of post-conviction relief. "There is no constitutional right to be arrested," and "[l]aw enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause." *Hoffa v. United States*, 385 U.S. 293, 310 (1966). Consequently, the sheriff's department committed no constitutional violation when it elected not to arrest the petitioner immediately after any of the controlled buys in this case, and counsel could not have performed deficiently by failing to challenge those actions. Because the single, specific allegation of ineffective assistance of counsel raised by the petitioner could not avail him of post-conviction relief, the post-conviction court did not err by summarily dismissing the petition for failure to raise a colorable claim for relief.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., PRESIDING JUDGE